# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2007 SEP 11  PM 3: 51

TX EASTERN-MARSHALL

BY_____

PREMIER INTERNATIONAL
ASSOCIATES LLC,
an Illinois Limited Liability Company,

      Plaintiff,

    v.

MICROSOFT CORP.,
a Washington Corporation,

VERIZON COMMUNICATIONS INC.,
a Delaware Corporation,

AT&T INC.,
a Delaware Corporation,

SPRINT NEXTEL CORP.,
a Kansas Corporation,

DELL INC.,
a Delaware Corporation,

LENOVO GROUP LTD.,
a Hong Kong Corporation,

LENOVO (UNITED STATES) INC.,
a Delaware Corporation,

TOSHIBA CORP.,
a Japan Corporation,

TOSHIBA AMERICA, INC.,
a Delaware Corporation,

VIACOM INC.,
a Delaware Corporation,

REAL NETWORKS, INC.,
a Washington Corporation,

Civil No.  **2 - 07 C V - 3 9 6**

**JURY DEMAND REQUESTED**

4005150.1
1.815

NAPSTER, INC.,
a Delaware Corporation,

SAMSUNG ELECTRONICS CO., LTD.,
a Korea Corporation,

SAMSUNG ELECTRONICS AMERICA,
INC.,
a Delaware Corporation,

LG ELECTRONICS INC.,
a Korea Corporation,

LG ELECTRONICS U.S.A., INC.,
a Delaware Corporation,

MOTOROLA INC.,
a Delaware Corporation,

NOKIA CORP.,
a Finland Corporation,

NOKIA INC.,
a Delaware Corporation, and

SANDISK CORP.,
a Delaware Corporation,

       Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, PREMIER INTERNATIONAL ASSOCIATES LLC, by its attorneys,

hereby complains against Defendants MICROSOFT CORP., VERIZON

COMMUNICATIONS INC., AT&T INC., SPRINT NEXTEL CORP., DELL INC.,

LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., TOSHIBA CORP.,

TOSHIBA AMERICA, INC., VIACOM INC., REAL NETWORKS, INC., NAPSTER,

INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS

AMERICA, INC., LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC.,

2

MOTOROLA INC , NOKIA CORP , NOKIA INC , and SANDISK CORP (collectively, Defendants), as follows:

## I.

## INTRODUCTION

In 1997, at a time when digital music delivery and management systems were largely in their infancy, PREMIER, filed a patent application disclosing new ways of organizing, managing, and delivering digital music. Two years later, the "digital music revolution" began with the release of the first version of the peer-to-peer file sharing service, the original Napster  Subsequently, many of PREMIER's inventions were incorporated into consumer products.

Defendants have profited enormously from the digital music revolution, a revolution that fundamentally changed the way people are acquiring, managing and enjoying digital music.

United States Patent Nos. 6,243,725 and 6,763,345, both assigned to PREMIER, generally disclose an integrated multi-tier music management system that claim inventions that are fundamental to the success of the digital music revolution.

## II.

## PARTIES

1.     Plaintiff PREMIER INTERNATIONAL ASSOCIATES LLC ("PREMIER") is an Illinois Limited Liability Company qualified to do business in the State of Texas.

2.     On information and belief, Defendant MICROSOFT CORP ("MICROSOFT") is a corporation organized and existing under the laws of the State of

Washington, with its principal place of business located at One Microsoft Way,
Redmond, WA 98052.

    3.     On information and belief, Defendant VERIZON COMMUNICATIONS
INC. ("VERIZON") is a corporation organized and existing under the laws of the State of
Delaware, with its principal place of business located at 140 West Street, New York, NY
10007.

    4.     On information and belief, Defendant AT&T INC. ("ATT") is a
corporation organized and existing under the laws of the State of Delaware, with its
principal place of business located at 175 E. Houston, San Antonio, TX 78205.

    5.     On information and belief, Defendant SPRINT NEXTEL CORP
("SPRINT") is a corporation organized and existing under the laws of the State of
Kansas, with its principal place of business located at 2001 Edmund Halley Drive,
Reston, VA 20191

    6.     On information and belief, Defendant SPRINT NEXTEL CORP
("SPRINT") is a corporation organized and existing under the laws of the State of
Kansas, with its principal place of business located at 2001 Edmund Halley Drive,
Reston, VA 20191

    7.     On information and belief, Defendant DELL INC. ("DELL") is a
corporation organized and existing under the laws of the State of Delaware, with its
principal place of business located at One Dell Way, Round Rock, TX 78682.

    8.     On information and belief, Defendant LENOVO GROUP LTD. is a
foreign corporation organized and existing under the laws of Hong Kong, with its
principal place of business located at 1009 Think Place, Morrisville, NC 27560. On

4

information and belief, Defendant LENOVO (UNITED STATES) INC. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1009 Think Place, Morrisville, NC 27560. LENOVO GROUP LTD. and LENOVO (UNITED STATES) INC, will be collectively referred to as "LENOVO."

9      On information and belief, Defendant TOSHIBA CORP. is a foreign corporation organized and existing under the laws of Japan, with its principal place of business located at 1-1, Shibaura 1-chome, Minato-ku, Tokyo 105-8001, Japan. On information and belief, Defendant TOSHIBA AMERICA, INC. ("TOSHIBA") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1251 Avenue of the Americas Suite 4110, New York, NY 10020. TOSHIBA CORP. and TOSHIBA AMERICA, INC. will be collectively referred to as "TOSHIBA "

10      On information and belief, Defendant VIACOM INC. ("VIACOM") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1515 Broadway, New York, NY 10036.

11.      On information and belief, Defendant REAL NETWORKS, INC. ("REAL") is a corporation organized and existing under the laws of the State of Washington, with its principal place of business located at 2601 Elliott Avenue, Seattle, WA 98121

12.      On information and belief, Defendant NAPSTER, INC. ("NAPSTER") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 9044 Melrose Avenue, Los Angeles, CA 90069.

5

13. On information and belief, Defendant SAMSUNG ELECTRONICS CO., LTD. is a foreign corporation organized and existing under the laws of Korea, with its principal place of business located at 250, 2-ga, Taepyong-ro, Jung-gu, Seoul 100-742, Korea. On information and belief, Defendant SAMSUNG ELECTRONICS AMERICA, INC. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 105 Challenger Rd., Ridgefield Park, NJ 07660. SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC. will be collectively referred to as "SAMSUNG."

14. On information and belief, Defendant LG ELECTRONICS INC. is a foreign corporation organized and existing under the laws of Korea, with its principal place of business located at LG Twin Towers, 20, Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea. On information and belief, Defendant LG ELECTRONICS U.S.A., INC. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632. LG ELECTRONICS INC. and LG ELECTRONICS U S A , INC. will be collectively referred to as "LG."

15. On information and belief, Defendant MOTOROLA INC ("MOTOROLA") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 1303 E. Algonquin Road, Schaumburg, IL 60196.

16. On information and belief, Defendant NOKIA CORP. is a foreign corporation organized and existing under the laws of Finland, with its principal place of business located at Keilalahdentie 2-4, 02150 Espoo, Finland. On information and belief,

6

Defendant NOKIA INC. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 102 Corporate Park Drive, White Plains, NY 10604   NOKIA CORP. and NOKIA INC. will be collectively referred to as "NOKIA."

17.     On information and belief, Defendant SANDISK CORP. ("SANDISK") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 601 McCarthy Boulevard, Milpitas, CA 95035.

III.

**JURISDICTION AND VENUE**

18.     This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.* This Court has personal jurisdiction over Defendants because each has committed acts giving rise to this action within Texas and this judicial district and has established minimum contacts within the forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

19.     Venue properly lies in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because each Defendant has committed acts within this judicial district giving rise to this action, and each Defendant "resides" in this District as it is subject to personal jurisdiction in this District. Venue is also appropriate because Defendants do business in this judicial district, including one or more of the infringing acts of offering for sale, selling, using infringing products, or providing service and

7

support to Defendants' customers in this District and they do so through established distribution channels

## IV.

## CLAIMS

20.    PREMIER realleges and incorporates by reference the allegations set forth in Paragraphs 1-19 above as if fully set forth herein

21.    On June 5, 2001 United States Patent Number 6,243,725 (the '725 patent), entitled "List Building System" was duly and lawfully issued by the United States and Trademark Office to James D. Hempleman, Sandra M. Hempleman and Neil A. Schneider. A true and correct copy of the '725 patent is attached as Exhibit A.

22.    On July 13, 2004 United States Patent Number 6,763,345 (the '345 patent), entitled "List Building System" was duly and lawfully issued to James D. Hempleman, Sandra M. Hempleman and Neil A. Schneider. A true and correct copy of the '345 patent is attached as Exhibit B.

23.    PREMIER is the assignee of the '725 patent and the '345 patent (collectively, the patents-in-suit) and holds the right to sue and recover for past, present, and future infringement thereof.

24.    MICROSOFT is engaged in the business of making, offering for sale, selling, operating and supporting ZUNE branded digital music products and services, such as the ZUNE Marketplace (online music store), the portable ZUNE digital media player, and the ZUNE software (software that seamlessly integrates and manages the ZUNE player, the Media Library and the ZUNE Marketplace on a personal computer).

8

25.     MICROSOFT is further engaged in the business of making, offering for sale, selling and supporting computer operating systems; such as, for example, the Windows Mobile, Windows XP and Windows Vista branded lines of operating systems, for use on general-purpose computer systems, including home and business desktops, notebook computers, media centers and mobile devices. These operating systems include the Windows Media Player ("WMP") branded software, which is a digital media player and media library application.

26.     MICROSOFT's WMP, through its integrated web browser, enables users to access, browse, and download music files from a number of different online music stores, including, but not limited to, URGE and NAPSTER.

27.     MICROSOFT is further engaged in the business of making, offering for sale, selling and supporting the Xbox 360 branded video game console, which enables users to download, manage and play music files.

28.     MICROSOFT has infringed and continues to infringe under 35 U.S.C. §271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraph 24-27 above, including, but not limited to, the ZUNE Marketplace, the ZUNE digital media player, the ZUNE software, WMP for Windows Mobile, WMP for Windows XP, WMP for Windows Vista and the Xbox 360.

29.     MICROSOFT's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from MICROSOFT the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. MICROSOFT's infringement on PREMIER's exclusive rights under the patents-in-suit

9

will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

30.     VERIZON is engaged in the business of making, offering for sale, selling, operating and supporting the V-CAST service network, which enables network subscribers to download video and music content to V-CAST enabled personal computers and mobile devices, such as cellular phones. The V-CAST network comprises a) the V-CAST online store from which network subscribers can download video and music content, b) the V-CAST Music Manager software for installation on a V-CAST network subscriber's personal computer, which facilitates the download and management of video and music content on a subscriber's personal computer and the download of such content to c) V-CAST enabled phones which can also download content from the V-CAST online store directly ("over-the-air").

31.     VERIZON has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraph 30 above, including, but not limited to, the V-CAST online store, V-CAST Music Manager software and V-CAST enabled phones, such as, for example, the LG Chocolate (VX8550), the MOTOROLA Motorazr[2] V9m and the MOTOROLA MotoQ music 9m.

32.     VERIZON's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from VERIZON the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. VERIZON's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to

damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

33.     ATT is engaged in the business of making, offering for sale, selling, operating and supporting the "AT&T Mobile Music" service, a digital media content delivery service.

34.     ATT is engaged in the business of making, offering for sale, selling, operating and supporting certain "AT&T Mobile Music" enabled phones ("ATT Music Phones) which run ATT Music software that allows users to access an online music store directly from the phone ("over-the-air") to purchase and download music. PREMIER specifically excludes the iPhone, made by Apple Inc., from its infringement allegations against ATT.

35.     ATT customers using certain ATT Music Phones, can access and purchase music from online music stores such as, NAPSTER, Yahoo! Music and eMusic Mobile.

36.     When accessing either Yahoo! Music or Napster from certain ATT Music Phones, users, after logging into the selected store account, can browse the store and purchase the desired music content. The user then receives an email containing a link which will download the song from either Napster or Yahoo! Music, respectively, to the user's personal computer. ATT also teaches its users how to download the songs purchased from either NAPSTER or Yahoo! Music from their personal computer to the ATT Music Phone via a USB cable. The ATT Music Phone is then recognized by the respective NAPSTER or Yahoo! Media Player software installed on the user's personal computer, allowing the user to download selected music to the ATT Music Phone via

11

drag and drop. ATT also teaches its users how to download music files from a personal computer using MICROSOFT's WMP.

37.     When accessing the eMusic Mobile store from certain ATT Music Phones, users, after logging into the eMusic account, can browse the store and purchase the desired music content. Music purchased on eMusic Mobile is then downloaded from eMusic "over the air," directly to the user's ATT Music Phone. In addition, the purchased music can also be accessed and downloaded from the eMusic website using a personal computer.

38.     ATT has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraphs 33 - 37 above, including, but not limited to, ATT Music software and certain ATT Music Phones, such as, for example, the NOKIA N75.

39.     ATT's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from ATT the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. ATT's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

40.     SPRINT is engaged in the business of making, offering for sale, selling, operating and supporting the SPRINT Music service, which enables network subscribers to download music content to SPRINT Music enabled personal computers and mobile devices, such as cellular phones. The SPRINT Music service comprises a) the SPRINT

12

Digital Lounge Music Store from which network subscribers can download video and music content, b) the SPRINT Music Manager software for installation on a SPRINT network subscriber's personal computer, which facilitates the download to and the management of video and music content on a subscriber's personal computer and the download of such content to c) SPRINT Music enabled phones which are capable of managing and playing video and music content

41. SPRINT has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraph 40 above, including, but not limited to, the SPRINT Digital Lounge Music Store, SPRINT Music Manager software and SPRINT Music enabled phones, such as, for example, the LG Muziq (LX570).

42. SPRINT's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from SPRINT the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. SPRINT's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283

43. DELL is engaged in the business of making, offering for sale, selling, and supporting personal desktop and notebook computers ("DELL computers"). A substantial number of DELL computers shipped to customers are configured to include a processor, a hard drive, a video card, a monitor, an audio card, speakers, a USB Port, a CD and/or DVD writer, and a network card or modem to connect to the Internet. A

13

substantial number of DELL computers are shipped with a pre-installed version of either

Microsoft's Windows XP or Windows Vista operating system. Every version of

Windows XP and Windows Vista includes the Windows Media Player application.

DELL computers configured with the above-mentioned hard and software enable a user,

for example, a) to import ("rip") music from Audio CDs and store the digital music files

on the computers hard disk, b) to download music from a variety of online music stores

via an Internet connection, c) to manage music stored on the hard disk, including but not

limited to, creating playlists, d) to audibly and visually present the music, and e) to

download music from the personal computer to a portable storage device via a USB

connection.

44      DELL has infringed and continues to infringe under 35 U.S.C. § 271 the

patents-in-suit. The infringing acts include, but are not limited to, making, offering for

sale, selling, distributing and supporting certain of the products identified in paragraph 43

above, including, but not limited to, certain DELL computers, such as, for example, the

Inspiron 1501 notebook and the Inspiron 531 desktop.

45.     DELL's acts of infringement have caused damage to PREMIER.  Under

35 U.S.C. § 284, PREMIER is entitled to recover from DELL the damages sustained by

PREMIER as a result of its infringement of the patents-in-suit.  DELL's infringement on

PREMIER's exclusive rights under the patents-in-suit will continue to damage

PREMIER causing irreparable harm, for which there is no adequate remedy of law,

unless enjoined by this Court under 35 U.S.C. § 283.

46.     LENOVO is engaged in the business of making, offering for sale, selling,

and supporting personal desktop and notebook computers ("LENOVO computers").  A

14

substantial number of LENOVO computers shipped to customers are configured to include a processor, a hard drive, a video card, a monitor, an audio card, speakers, a USB Port, a CD writer, and a network card or modem to connect to the Internet. A substantial number of LENOVO computers are shipped with a pre-installed version of either Microsoft's Windows XP or Windows Vista operating system. Every version of Windows XP and Windows Vista includes the Windows Media Player application. LENOVO computers configured with the above-mentioned hard and software enable a user, for example, a) to import ("rip") music from Audio CDs and store the digital music files on the computers hard disk, b) to download music from a variety of online music stores via an Internet connection, c) to manage music stored on the hard disk, including but not limited to, creating playlists, d) to audibly and visually present the music, and e) to download music from the personal computer to a portable storage device via a USB connection.

47. LENOVO has infringed and continues to infringe under 35 U S C § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing and supporting certain of the products identified in paragraph 46 above, including, but not limited to, certain LENOVO computers, such as, for example, the ThinkPad X61 notebook and the ThinkCentre A55 Tower desktop

48. LENOVO's acts of infringement have caused damage to PREMIER Under 35 U.S.C. § 284, PREMIER is entitled to recover from LENOVO the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. LENOVO's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to

15

damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

49.     TOSHIBA is engaged in the business of making, offering for sale, selling, and supporting notebook computers ("TOSHIBA computers"). A substantial number of TOSHIBA computers shipped to customers are configured to include a processor, a hard drive, a video card, a monitor, an audio card, speakers, a USB Port, a CD and/or DVD writer, and a network card or modem to connect to the Internet. A substantial number of TOSHIBA computers are shipped with a pre-installed version of either Microsoft's Windows XP or Windows Vista operating system. Every version of Windows XP and Windows Vista includes the Windows Media Player application. TOSHIBA computers configured with the above-mentioned hard and software enable a user, for example, a) to import ("rip") music from Audio CDs and store the digital music files on the computers hard disk, b) to download music from a variety of online music stores via an Internet connection, c) to manage music stored on the hard disk, including but not limited to, creating playlists, d) to audibly and visually present the music, and e) to download music from the personal computer to a portable storage device via a USB connection.

50     TOSHIBA has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing and supporting certain of the products identified in paragraph 49 above, including, but not limited to, certain TOSHIBA computers, such as, for example, the Satellite M200-ST2002 notebook.

51.     TOSHIBA's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from TOSHIBA the damages

16

sustained by PREMIER as a result of its infringement of the patents-in-suit. TOSHIBA's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

52.    VIACOM is a global entertainment content company and sole owner of the MTV Networks brand and network. MTV Networks is engaged in the business of making, offering for sale, selling, operating, and supporting the URGE branded online music distribution service ("URGE").

53.    On information and belief, URGE was opened on May 17, 2006 and is fully integrated into Microsoft's WMP Version 11. Customers must access URGE via a personal computer running WMP Version 11. URGE and WMP Version 11 enable users to browse the available media content and to purchase and download desired media content. URGE and WMP Version 11 also enable users to automatically import music from Audio CDs and to create and manage playlists.

54.    VIACOM has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraphs 52 - 53 above, including, but not limited to the URGE online music distribution service.

55.    VIACOM's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from VIACOM the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. VIACOM's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to

17

damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283

56.     REAL is a provider of Internet media delivery software and currently offers at least two ways for REAL customers to download digital music files to personal computers, a) through its RealPlayer Jukebox software and the RealPlayer Music Store, and b) through its Rhapsody Media Player software and the integrated Rhapsody Online Music Store/Service.

57.     REAL is engaged in the business of making, offering for sale, selling, distributing, operating, and supporting the RealPlayer Music Store from which users can purchase and download digital music files to their personal computer using the RealPlayer Jukebox software. The RealPlayer Jukebox software enables users to, for example, but not limited to, automatically import music from CD to the user's library, to browse and download music from the RealPlayer Music Store, to manage music files on the personal computer, to create playlists and to download or write music files to portable digital storage devices, such as, for example, but not limited to, writable disks, USB-Flash Memory, digital media players.

58.     REAL is also engaged in the business of making, offering for sale, selling, distributing, operating, and supporting the Rhapsody Online Music Store/Service from which users can download digital music files to their personal computer using the Rhapsody Media Player software. Rhapsody customers can rent music for a subscription fee or purchase music for unlimited use. The Rhapsody Media Player software enables users, for example, but not limited to, to automatically import music from CD to the user's library, to browse and download music from the Rhapsody Online Music

18

Store/Service, to manage music files on the personal computer, to create playlists and to download or write music files to portable digital storage devices.

59.    REAL has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraphs 56 - 58 above, including, but not limited to the RealPlayer Jukebox software, the RealPlayer Music Store, the Rhapsody Media Player software and the Rhapsody Online Music Store/Service.

60.    REAL's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from REAL the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. REAL's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

61.    NAPSTER is engaged in the business of making, offering for sale, selling, distributing, operating, and supporting the Napster Music Store/Service from which users can download digital music files to their personal computer using the Napster Music Player software. Napster subscribers can rent music for a subscription fee or purchase music for unlimited use. The Napster Music Player software further enables users to, for example, automatically import music from CD to the user's library, browse and download music from the Napster Music Store/Service, manage music files on the personal computer, create playlists and download or write music files to portable digital storage devices.

19

62     NAPSTER customers can also access the Napster Music Store/Service directly from certain portable devices   For example, "AT&T Mobile Music" enabled phones can access the Napster Music Store/Service directly "over-the-air" and allow users to browse and purchase music directly from the device

63.     NAPSTER has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit.  The infringing acts include, but are not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraphs 61 - 62 above, including, but not limited to the Napster Music Store/Service and the Napster Music Player software.

64.     NAPSTER's acts of infringement have caused damage to PREMIER Under 35 U.S.C. § 284, PREMIER is entitled to recover from NAPSTER the damages sustained by PREMIER as a result of its infringement of the patents-in-suit   NAPSTER's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

65.     SAMSUNG is engaged in the business of making, offering for sale, selling, and supporting, for example, but not limited to, mobile digital devices, such as cellular phones, which enable users to download, manage and play digital music files

66.     SAMSUNG has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit.  The infringing acts include, but are not limited to, making, offering for sale, selling, distributing and supporting certain of the products identified in paragraph 65 above, including, but not limited to, certain SAMSUNG devices, such as, for example, the SGH-a717 cellular phone.

20

67    SAMSUNG's acts of infringement have caused damage to PREMIER

Under 35 U S.C. § 284, PREMIER is entitled to recover from SAMSUNG the damages

sustained by PREMIER as a result of its infringement of the patents-in-suit

SAMSUNG's infringement on PREMIER's exclusive rights under the patents-in-suit will

continue to damage PREMIER causing irreparable harm, for which there is no adequate

remedy of law, unless enjoined by this Court under 35 U S.C. § 283.

68.    LG is engaged in the business of making, offering for sale, selling, and

supporting, for example, but not limited to, mobile digital devices, such as cellular

phones  Certain of LG's mobile devices enable users to organize and play downloaded

digital music files.

69    LG has infringed and continues to infringe under 35 U S.C. § 271 the

patents-in-suit  The infringing acts include, but are not limited to, making, offering for

sale, selling, distributing and supporting certain of the products identified in paragraph 68

above, including, but not limited to, certain LG mobile devices, such as, for example, the

LG Chocolate (VX8550) cellular phone.

70    LG's acts of infringement have caused damage to PREMIER.  Under 35

U S.C. § 284, PREMIER is entitled to recover from LG the damages sustained by

PREMIER as a result of its infringement of the patents-in-suit  LG's infringement on

PREMIER's exclusive rights under the patents-in-suit will continue to damage

PREMIER causing irreparable harm, for which there is no adequate remedy of law,

unless enjoined by this Court under 35 U.S C. § 283

71.    MOTOROLA is engaged in the business of making, offering for sale,

selling, and supporting, for example, but not limited to, mobile digital devices, such as

21

cellular phones   Certain of MOTOROLA's mobile devices enable users to organize and play downloaded digital music files.

72     MOTOROLA has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit   The infringing acts include, but are not limited to, making, offering for sale, selling, distributing and supporting certain of the products identified in paragraph 71 above, including, but not limited to, certain MOTOROLA mobile devices, such as, for example, the Motorazr[2] V9m and the Moto Q music 9m cellular phones.

73     MOTOROLA's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from MOTOROLA the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. MOTOROLA's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283

74     NOKIA is engaged in the business of making, offering for sale, selling, and supporting, for example, but not limited to, mobile digital devices, such as cellular phones.  Certain of NOKIA's mobile devices enable users to organize and play downloaded digital music files.

75     NOKIA has infringed and continues to infringe under 35 U S C § 271 the patents-in-suit   The infringing acts include, but are not limited to, making, offering for sale, selling, distributing and supporting certain of the products identified in paragraph 74 above, including, but not limited to, certain NOKIA mobile devices, such as, for example, the N75 cellular phone.

22

76     NOKIA's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from NOKIA the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. NOKIA's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

77.     SANDISK is engaged in the business of making, offering for sale, selling, and supporting, for example, but not limited to, portable digital media players. Certain of SANDISK's portable digital media players enable users to download, organize and play downloaded digital music files. Furthermore, certain portable digital music players, such as, for example, the SANDISK SansaConnect, can also access the Yahoo! Music Unlimited online music store directly "over-the-air", enabling users to browse and download music directly onto the player.

78.     SANDISK has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing and supporting certain of the products identified in paragraph 77 above, including, but not limited to, certain SANDISK mobile devices, such as, for example, the SansaConnect portable music player.

79.     SANDISK's acts of infringement have caused damage to PREMIER. Under 35 U.S.C. § 284, PREMIER is entitled to recover from SANDISK the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. SANDISK's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to

23

damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283

## PRAYER FOR RELIEF

WHEREFORE, PREMIER respectfully requests that this Court enter judgment against Defendants against Defendants MICROSOFT CORP., VERIZON COMMUNICATIONS INC., AT&T INC., SPRINT NEXTEL CORP., DELL INC., LENOVO GROUP LTD., LENOVO (UNITED STATES) INC., TOSHIBA CORP., TOSHIBA AMERICA, INC., VIACOM INC., REAL NETWORKS, INC., NAPSTER, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC., MOTOROLA INC., NOKIA CORP., NOKIA INC., and SANDISK CORP. as follows:

(a)    For judgment that Defendants have infringed and continue to infringe the patents-in-suit.

(b)    for preliminary and permanent injunctions under 35 U.S.C. 283 against Defendants and their respective directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with any of the Defendants enjoining any further acts of infringement;

(c)    for damages to be paid by Defendants adequate to compensate PREMIER for their infringement, including interest, costs and disbursements as justified under 35 U.S.C. 284;

(d)    for judgment finding this to be an exceptional case, and awarding PREMIER attorney fees under 35 U.S.C. 285; and

24

(e)     for such further relief at law and in equity as the Court may deem just

and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff PREMIER hereby

demands a jury trial on all issues triable by jury.

Dated: September 11, 2007                    Respectfully submitted,

By: _Andrew V. Spangler_

S. Calvin Capshaw, III
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Andrew W. Spangler
State Bar No. 24041960
BROWN MCCARROLL LLP
1127 Judson Road, Suite 220
Longview, Texas 75601
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ccapshaw@mailbmc.com
E-mail: EDeRieux@mailbmc.com
E-mail: aspangler@mailbmc.com

ATTORNEYS FOR PREMIER
INTERNATIONAL ASSOCIATES, LLC

OF COUNSEL:

Otis W. Carroll
State Bar No. 03895700
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, Texas 75703
(903) 561-1600 Telephone
(903) 581-1071 Facsimile
E-mail: nancy@icklaw.com

25

4005150 1
1 815

Franklin Jones, Jr
State Bar No. 00000055
JONES & JONES, INC
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas 75671-1249
(903) 938-4395 Telephone
(903) 938-3360 Facsimile
E-mail: maizieh@millerfirm.com

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
PARKER & BUNT, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
(903) 531-35350 Telephone
(903) 533-9687 Facsimile
E-mail: rmparker@cox-internet.com
E-mail: cbunt@cox-internet.com

Joseph M. Vanek
State Bar No. 06197046
Thomas A. Vickers
David P. Germaine
State Bar No. 06274984
Jeffrey R. Moran
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Eugene M. Cummings
State Bar No. 556394
David M. Mundt
State Bar No. 6243545
David Lesht
State Bar No. 6180985
Martin Goering
State Bar No. 6286254

Konrad V. Sherinian
State Bar No. 6290749
COOK, ALEX, MCFARRON, MANZO,
CUMMINGS & MEHLER
(312) 419-0800 Telephone
(312) 419-0703 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com

4005150.1
1.815