**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

PREMIER INTERNATIONAL
ASSOCIATES LLC,

              Plaintiff,                         Civil No. 2:07-CV-396 (LED)

      v.

                                     **TRIAL BY JURY DEMANDED**

MICROSOFT CORP., et al.,

              Defendants.

**THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, PREMIER INTERNATIONAL ASSOCIATES LLC, by its attorneys, hereby

complains against Defendants CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS;

REALNETWORKS, INC.; and RHAPSODY INTERNATIONAL INC. (collectively,

Defendants), as follows:

### I.      PARTIES

1.      Plaintiff PREMIER is an Illinois Limited Liability Company qualified to do

business in the State of Texas.

2.      Defendant CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS

("VERIZON") is a general partnership organized and existing under the laws of the State of

Delaware, with its principal place of business located at One Verizon Wireless Way, Basking

Ridge, NJ 07920.

3.      Defendant REALNETWORKS, INC. ("REAL") is a corporation organized and

existing under the laws of the State of Washington, with its principal place of business located at

2601 Elliott Avenue, Seattle, WA 98121.

4.      Defendant RHAPSODY INTERNATIONAL INC. ("RHAPSODY") is a corporation organized and existing under the laws of the State of Delaware, and is the successor in interest of Rhapsody America, LLC, a joint venture formed in 2007 between Defendant REAL and Viacom's MTV Networks.  RHAPSODY has its principal place of business at 1420 5TH Avenue, Suite 1500, Seattle, Washington 98101.

## II.      JURISDICTION AND VENUE

5.      This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*  This Court has personal jurisdiction over the Defendants because both have committed acts giving rise to this action within Texas and this judicial district and have established minimum contacts within the forum such that the exercise of jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice.

6.      Venue properly lies in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b), because both Defendants have committed acts within this judicial district giving rise to this action, and both Defendants "reside" in this District and are subject to personal jurisdiction in this District.  Venue is also appropriate because Defendants do business in this judicial district, including one or more of the infringing acts of offering for sale, selling, using infringing products, or providing service and support to Defendants' customers in this District and they do so through established distribution channels.

## III.      CLAIMS

7.      PREMIER realleges and incorporates by reference the allegations set forth in Paragraphs 1-6 above as if fully set forth herein.

8.      On June 5, 2001 United States Patent Number 6,243,725 ("the '725 patent") entitled "List Building System" was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO") to James D. Hempleman, Sandra M. Hempleman and Neil A. Schneider.   A true and correct copy of the '725 patent is attached hereto as Exhibit A.

9.      On December 8, 2006, Apple Computer, Inc. filed with the USPTO a "Request for Ex Parte Reexamination of U.S. Pat. No. 6,243,725," under Control No. 90/008,361 ("the '725 Reexam").

10.      On March 31, 2009, the USPTO issued an Ex Parte Reexamination Certificate for the '725 patent ("the '725 Reexam Certificate").  During the '725 Reexam, claims 1-114 of the '725 patent were cancelled and new claims 115, 116 and 117 were added and determined to be patentable.  The '725 Reexam Certificate issued with claims 115, 116 and 117, a true and correct copy of which is attached hereto as Exhibit B.

11.      On March 16, 2010, the United States Patent and Trademark office duly and lawfully issued United States Patent No. 7,680,829 ("the '829 patent") entitled "List Building System"  to James D. Hempleman, Sandra M. Hempleman and Neil A. Schneider.  The '829 patent is a continuation of the original '725 patent.  A true and correct copy of the '829 patent is attached hereto as Exhibit C.

12.      PREMIER is the assignee of the '725 patent and the '829 patent (collectively, "the patents-in-suit") and holds the rights to sue and recover for past, present and future infringement thereof.

13.      VERIZON is engaged in the business of making, offering for sale, selling, operating and supporting its V-CAST Music with Rhapsody on-demand music service. The V-CAST Music with Rhapsody service comprises the V-CAST Music with Rhapsody software for

installation on a personal computer, which facilitates the download to and the management of video and music content on a personal computer.

14.     VERIZON has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraph 12 above, including, but not limited to, the V-CAST Music with Rhapsody on-demand music service and the V-CAST Music with Rhapsody software.

15.     VERIZON's acts of infringement have caused damage to PREMIER.  Under 35 U.S.C. § 284, PREMIER is entitled to recover from VERIZON the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. VERIZON's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

16.     REAL, until it spun off Defendant RHAPSODY, was engaged in the business of making, offering for sale, selling, distributing, operating, and supporting the Rhapsody Online Music Store/Service from which users could download digital music files to their personal computer using the Rhapsody Music Manager software.  Rhapsody customers could rent music for a subscription fee or purchase music for unlimited use.  The Rhapsody Music Manager software enabled users to, for example, but not limited to, automatically import digital music files from CD into the user's library and/or to browse and download digital music files from the Rhapsody Online Music Store/Service into the user's library, whereby the date each digital music file was imported into the user's library is recorded, and to manage digital music files on

4

the personal computer and to create and sort music entries in lists based on metadata associated with the imported digital music files.

17.     REAL has infringed under 35 U.S.C. § 271 the patents-in-suit. The infringing acts included, but were not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraph 16 above, including, but not limited to the Rhapsody Music Manager software and the Rhapsody Online Music Store/Service.

18.     REAL's acts of past infringement have caused damage to PREMIER.  Under 35 U.S.C. § 284, PREMIER is entitled to recover from REAL the damages sustained by PREMIER as a result of its past infringement of the patents-in-suit.

19.     RHAPSODY is currently, engaged in the business of making, offering for sale, selling, distributing, operating, and supporting the Rhapsody Online Music Store/Service from which users can download digital music files to their personal computer using the Rhapsody Music Manager software.  Rhapsody customers can rent music for a subscription fee or purchase music for unlimited use.  The Rhapsody Music Manager software enables users to, for example, but not limited to, automatically import digital music files from CD into the user's library and/or to browse and download digital music files from the Rhapsody Online Music Store/Service into the user's library, whereby the date each digital music file was imported into the user's library is recorded, and to manage digital music files on the personal computer and to create and sort music entries in lists based on metadata associated with the imported digital music files.

20.     RHAPSODY has infringed and continues to infringe under 35 U.S.C. § 271 the patents-in-suit. The infringing acts include, but are not limited to, making, offering for sale, selling, distributing, supporting and operating certain of the products identified in paragraph 15

above, including, but not limited to the Rhapsody Music Manager software and the Rhapsody Online Music Store/Service.

21.     RHAPSODY's acts of infringement have caused damage to PREMIER.  Under 35 U.S.C. § 284, PREMIER is entitled to recover from RHAPSODY the damages sustained by PREMIER as a result of its infringement of the patents-in-suit. RHAPSODY's infringement on PREMIER's exclusive rights under the patents-in-suit will continue to damage PREMIER causing irreparable harm, for which there is no adequate remedy of law, unless enjoined by this Court under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, PREMIER respectfully requests that this Court enter judgment against Defendants CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS; REALNETWORKS, INC.; and RHAPSODY INTERNATIONAL INC. as follows:

(a)     For judgment that Defendants have infringed and continue to infringe the patents-in-suit;

(b)     for preliminary and permanent injunctions under 35 U.S.C. § 283 against Defendants and their respective directors, officers, employees, agents, subsidiaries, parents, attorneys, and all persons acting in concert, on behalf of, in joint venture, or in partnership with any of the Defendants enjoining any further acts of infringement;

(c)     for damages to be paid by Defendants adequate to compensate PREMIER for their infringement, including interest, costs and disbursements as justified under 35 U.S.C. § 284;

(d)  for judgment finding this to be an exceptional case, and awarding PREMIER

attorney fees under 35 U.S.C. § 285; and

(e)  for such further relief at law and in equity as the Court may deem just and

proper.


## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff PREMIER hereby

demands a jury trial on all issues triable by jury.

Dated: April 30, 2010                         Respectfully submitted,

                                               /s/ S. Calvin Capshaw_____
                                              S. Calvin Capshaw
                                              State Bar No. 03873900
                                              Elizabeth L. DeRieux
                                              State Bar No. 05770585
                                              CAPSHAW DeRIEUX, LLP
                                              1127 Judson Road, Suite 220
                                              P.O. Box 3999
                                              Longview, TX  75601-5157
                                              Tel: (903) 236-9800
                                              Fax: (903) 236-8787
                                              Email:  ccapshaw@mailbmc.com
                                              Email:  ederieux@mailbmc.com


*Additional Attorneys for Premier International Associates LLC*

Robert M. Parker
State Bar No. 15498000
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
(903) 531-3535 Telephone
(903) 533-9687 Facsimile
E-mail: rmparker@cox-internet.com
E-mail: cbunt@cox-internet.com

7

Joseph M. Vanek
State Bar No. 06197046
Thomas A. Vickers
David P. Germaine
State Bar No. 06274984
Jeffrey R. Moran
VANEK, VICKERS & MASINI, P.C.
111 S. Wacker Drive, Suite 4050
Chicago, Illinois 60606
(312) 224-1500 Telephone
(312) 224-1510 Facsimile
E-mail: jvanek@vaneklaw.com
E-mail: tvickers@vaneklaw.com
E-mail: dgermaine@vaneklaw.com
E-mail: jmoran@vaneklaw.com

Eugene M. Cummings
State Bar No. 556394
David M. Mundt
State Bar No. 6243545
David Lesht
State Bar No. 6180985
Martin Goering
State Bar No. 6286254
Konrad V. Sherinian
State Bar No. 6290749
Panasarn Aim Jirut
State Bar No. 6281877
Eugene M. Cummings, P.C.
1 N Wacker Drive, Suite 4130
Chicago, Illinois 60606
(312) 984-0144 Telephone
(312) 984-0146 Facsimile
E-mail: ecummings@emcpc.com
E-mail: dmundt@emcpc.com
E-mail: dlesht@emcpc.com
E-mail: mgoering@emcpc.com
E-mail: ksherinian@emcpc.com
E-mail: ajirut@emcpc.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that the all counsel of record who are deemed to have consented to electronic service are being served this 30th day of April, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


           /s/ S. Calvin Capshaw
           S. Calvin Capshaw